UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

09 CV 4940

EYAL R.D. CORP.,

          Plaintiff,

-against-

JEWELEX NEW YORK LTD., INC.,

          Defendant.

09-CV-_____ (____)

**NOTICE OF REMOVAL**

RECEIVED
MAY 26 2009
U.S.D.C. S.D.N.Y.
CASHIERS

      PLEASE TAKE NOTICE that defendant Jewelex New York Ltd., Inc., ("Jewelex" or "Defendant"), by an through its attorneys, McDermott Will & Emery LLP, removes the civil action now pending in the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1441 and 1446, on the following grounds:

      1.    On or about April 23, 2009, the Secretary of State of New York was served with a Summons and Complaint in the case of <u>Eyal R.D. Corp. v. Jewelex New York Ltd., Inc.</u>, Index No. CV-105170-09, pending in the Supreme Court of the State of New York, County of New York. A true and correct copy of the Summons and Complaint are attached hereto as Exhibit A.

      2.    The claims against Defendant Jewelex in the State case are explicitly claims for copyright infringement and other equivalent claims – subject matter preempted by federal copyright law (17 U.S.C. § 301). The state-court causes of action are also based upon identical facts that underlie an existing Federal action for copyright infringement in this Court (<u>Eyal R.D. Corp. v. Jewelex New York Ltd., Inc.</u>, S.D.N.Y., Civ. 07-0013 (DC)).

3. This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. §§ 1331 and 1338 inasmuch as Plaintiff's claims constitute a federal question in that they are claims for copyright infringement and preempted equivalents thereof.

4. Removal to the Southern District of New York is proper because this district embraces the Supreme Court of the State of New York, County of New York where the action is pending. 28 U.S.C. § 1441(a).

5. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed with this Court within thirty (30) days of the date when Defendant was first told of the State Court action. This action became removable no earlier than April 28, 2009, the date on which Defendant first was told of the existence of this action.

6. Contemporaneous with the filing of this Notice of Removal, written notice has been served upon Plaintiff and a copy of the Notice of Removal has been filed with the Clerk of the Supreme Court of the State of New York, County of New York, pursuant to 28 U.S.C. §1446(d).

WHEREFORE, Jewelex respectfully requests that this action now pending in the Supreme Court of the State of New York, County of New York be removed therefrom to this District Court.

Dated: New York, New York
      May 26, 2009

Respectfully submitted,

MCDERMOTT WILL & EMERY LLP

By: *Jason A. Lief* (signature)
Jason A. Lief (JAL 7742)

340 Madison Avenue
New York, New York 10173
(212) 547-5400

*Attorneys for Defendant*
*Jewelex New York Ltd., Inc.*

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------- X

EYAL R.D. CORP.,

        Plaintiff,

v.

JEWELEX NEW YORK LTD., INC.,

        Defendant.
-------------------------------------------------------------- X

Index No. **09105170**

Date Purchased:

**SUMMONS**

Plaintiff designates New York County as the place of trial.

The basis of venue is Plaintiff's and Defendant's residence

To The Named Defendant:

You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
April 13, 2009

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Jura C. Zibas (JZ 8970)
Joanne J. Romero (JR 0275)
199 Water Street, 25th Floor
New York, New York 10038
(212) 232-1300
Our File No. 30052-02
*Attorneys for Plaintiff*

TO: Jewelex New York Ltd.
22 West 48th Street
Suite 1500
New York, New York 10036-1803

*Defendant*

4821-3043-4563.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------- X
EYAL R.D. CORP.,                    )  Index No.:
                                    )  Date Purchased:
                 Plaintiff,         )
         -against-                  )  COMPLAINT
                                    )
JEWELEX NEW YORK LTD.,              )           09105170
                                    )
                 Defendant.         )
---------------------------------------------------------------- X

Plaintiff EYAL R.D. CORP. ("Eyal" or "Plaintiff") by its attorneys, LEWIS BRISBOIS BISGAARD & SMITH LLP, complaining of the defendant JEWELEX NEW YORK LTD. ("Jewelex" or "Defendant") alleges as follows:

### SUMMARY OF CASE

1. This is an action for common law copyright infringement, unfair competition, unjust enrichment and trade dress infringement, as well as violation of N.Y. General Business Law § 360-1 for sale of rings copying Plaintiff's proprietary jewelry design and trade dress.

2. Defendant has intentionally and in bad faith appropriated this design and trade dress belonging to Plaintiff and used it to compete against Plaintiff's own use of the same design and trade dress.

### PARTIES

3. Eyal is a domestic corporation duly organized and existing under the laws of the State of New York, having its principal place of business at 135 Cuttermill Road, Great Neck, New York 11021.

4. Eyal is in the business of designing, manufacturing and selling fine jewelry throughout the world.

4820-7636-7107.1

5. Upon information and belief, Jewelex is a domestic corporation duly organized and existing under the laws of the State of New York, having its principal place of business at 22 West 48th Street, Suite 1500, New York, New York 10036-1803.

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction over Defendant because Defendant resides in New York.

7. Venue is proper in this County pursuant to NY CPLR § 503 (a) and (c).

## FACTS

8. Eyal is a small family owned business founded by Albert Kallati in 1984. Eyal creates, manufactures and sells rings that are "VS" clarity.[1]

9. Defendant, its agents, servants and/or employees regularly reproduces, manufactures, advertises, offers for sale and otherwise distributes, for commercial advantage and private financial gain, within the state of New York and elsewhere, rings identified by Jewlex as inter alia, JX 00063C14Y, JNS 063, JNS 064, and JNS 039, and any related versions (e.g. white gold, yellow gold, different karat sizes) (collectively the "Jewelex Rings") which infringe upon Plaintiff's proprietary design of a ring Eyal sells and identifies as RE7704D, RE7704DW, RE7708D, RE7708DW (collectively, the "Eyal Ring") (Exhibit A).

10. Albert Kallati began creating the Eyal Ring in the 1980's, and perfected the version for national chain stores in 1995. Albert Kallati created the Eyal Ring by carefully designing, and crafting a band that combined, in an original and creative design, the relatively

---

[1] A diamond can have inclusions, scratches, trace minerals or other tiny characteristics that may detract from its pure beauty. A detailed system of rules and standards is used to summarize the number, location, size, and type of inclusions present in a diamond. VS Clarity stands for Very Slightly Included. The Eyal Ring is comprised of VS Clarity jewels.

4820-7636-7107.1

new princess cut diamond, created around 1980-81, and the earlier created baguette cut diamond, in a channel setting ring. Albert Kallati chose to name this combination "Prinuette by Kallati." Since the introduction of the Eyal Ring, Eyal has created, marketed, promoted and sold many jewelry designs that incorporate the distinctive look of the Prinuette design. Eyal's jewelry thus features a distinctive and unique combination of elements that creates a particular trade dress (the "Prinuette Trade Dress"). The Prinuette Trade Dress consists of a collocation of design elements. The combination of all or almost all such elements together give the jewelry a distinctive overall look and commercial impression.

11. Jewelex is a large conglomerate that was solely in the business of selling rough diamonds. However, beginning on or about 1993 or 1994, Jewelex began to manufacture jewelry as well. As a large conglomerate company eager to catch up with the jewelry design and jewelry sale aspect recently incorporated into its loose diamond sales business, it intentionally copied the Eyal Ring for the sole purpose of maximizing its profits and beating out its smaller competitor, Eyal.

12. Eyal first discovered that Jewelex placed its knock offs of the Eyal Ring in Fred Meyer in 2006 when Albert Kallati visited a Fred Meyer retail store in Portland Oregon, the home of Fred Meyer's corporate headquarters. The Eyal Ring was displayed uniquely on a tray in its karat weight varieties as was customary for the Eyal Ring to be displayed. However, Fred Meyer was displaying the infringing Jewelex Rings on a tray directly adjacent to the Eyal Ring tray. The Jewelex Rings specifically targeted the Eyal Ring, not only in design, but also in price. Each of the Jewelex Rings is substantially similar, if not identical to the Eyal Ring, and was priced at exactly half the price of each of the corresponding karat weight varieties of the Eyal Ring. This blatant juxtaposition of the rings and predatory pricing made it evident to Albert Kallati that Jewelex had intentionally copied its design in order to

compete with Eyal's design. Jewelex purports to have created its ring in 1999, a date which post dates the sale of Eyal Ring to customers of Eyal and Jewelex such as Whitehall and Fred Meyer, which gave Jewelex sufficient opportunity to copy the ring. Afshan Adlakha, the designer for Jewelex, a graduate of one of the two premiere institutes of design in India, and purportedly well versed in jewelry, admitted that at the time she allegedly created the Jewelex Rings in 1999, she was not aware of any comparable ring. Accordingly, it is undisputed that in 1995, the year on which the final drawing of the Eyal Ring design was completed by Albert Kallati, there was no comparable ring. Accordingly, it is undisputed that when Eyal created the Eyal Ring, there was no comparable ring.

13. On November 14, 2006 Eyal attempted to amicably settle the problem of Jewelex's unauthorized copying, distribution and sale of the infringing rings by sending Jewelex a cease and desist letter to Defendant, as is standard in copyright infringement cases. The cease and desist letter went unheeded. Subsequently, Eyal again asked Jewelex to stop selling the infringing versions to Fred Meyer, unaware at the time that Jewelex was also selling the ring to other customers, but Jewelex continued selling its infringing rings, thus willfully infringing upon Plaintiff's rights to the ring and upon the Prinuette Trade Dress.

14. The aforementioned infringing activity resulted in common law copyright infringement, trade dress infringement, unfair competition and unjust enrichment.

## COUNT I

### COMMON LAW COPYRIGHT INFRINGEMENT

15. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 14 of this Complaint as if fully set forth herein.

16. The conduct of Defendant was and continues to be copyright infringement under New York common law with respect to the Eyal Ring, as set forth on Exhibit A.

17. Plaintiff has been injured and continues to suffer irreparable injury for which there is no adequate remedy at law as a result of Defendant's unlawful and inequitable conduct.

## COUNT II

### UNFAIR COMPETITION

18. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19. By reason of the foregoing, the Defendant has engaged, and is continuing to engage, in acts of unfair competition in violation of the common law.

20. Plaintiff has been injured and continues to suffer irreparable injury for which there is no adequate remedy at law as a result of Defendant's unlawful and inequitable conduct.

21. Such conduct on the part of Defendant has caused and will continue to cause damages to Plaintiff in an amount to be determined.

## COUNT III

### UNJUST ENRICHMENT

22. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. Defendant has profited from its unlawful activities, including distributing, selling, promoting and/or otherwise exploiting the Eyal Ring, thereby reaping financial rewards without having to pay the costs required to design and market the ring.

4820-7636-7107.1

## COUNT IV

### COMMON LAW TRADE DRESS INFRINGEMENT

24. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. Defendant has reproduced, copied and imitated the Prinuette Trade Dress in manufacturing the Jewelex Rings in a manner that is confusingly similar to the distinctive trade dress of Eyal.

26. Defendant's actions constitute common law trade dress infringement.

27. The actions and conduct of Defendant complained of herein have damaged Eyal and will, unless restrained, further impair, if not destroy, the value of the Prinuette Trade Dress and the good will associated with them.

28. Defendant's trade dress infringement has caused Eyal to sustain monetary damage, loss and injury, in an amount thus far not determined, but believed to be in excess of $7 million.

29. Defendant's trade dress infringement, unless enjoined by this Court, will continue to cause Eyal to sustain irreparable damage, loss and injury, for which there is no adequate remedy at law.

## COUNT V

### N.Y. GENERAL BUSINESS LAW § 360-l

30. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. Defendant's activities have created and continue to create a likelihood of injury to the public image and reputation of Plaintiff, and to dilute the distinctive quality of its trade dress and all rights held thereunder, in violation of Section 360(l) of the General Business Law of the State of New York.

32. Such conduct on the part of Defendant has caused and will continue to cause irreparable injury to Plaintiff, for which there is no adequate remedy at law.

33. Such conduct on the part of Defendant has caused and will continue to cause damages to Plaintiff in an amount to be determined.

## COUNT VI

### N.Y. GENERAL BUSINESS LAW § 349

34. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. The Defendant's activities constitute deceptive acts and practices directed at consumers in the conduct of their business, in violation of Section 349 of the General Business Law of the State of New York.

36. Such conduct on the part of the defendant has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

37. Such conduct on the part of Defendant has caused and will continue to cause damages to Plaintiff in an amount to be determined.

WHEREFORE, Plaintiff demands judgment against the Defendant:

4820-7636-7107.1

1. Permanently enjoining and restraining Defendant, its officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them from:
   a. imitating, reproducing, copying, marketing, selling, distributing, or making unauthorized use of the Eyal Ring design;
   b. imitating, reproducing, copying, marketing, selling, distributing, or making unauthorized use of the Prinuette Trade Dress;
   c. engaging in any other activity constituting unfair competition with regard to Plaintiff, and/or Plaintiff's copyright in the Eyal Ring, and/or Plaintiff's trade dress in the Prinuette Trade Dress, or constituting an infringement of any of Plaintiff's other rights in, or to use or exploit the Eyal Ring and Prinuette Trade Dress, and the reputation and goodwill associated with the Prinuette Trade Dress; and
   d. directing that the Defendant deliver for destruction all products, labels, prints, signs, packages, dies, wrappers, receptacles and advertisements in their possession, custody or control bearing the Prinuette Trade Dress and/or copyrighted Eyal Ring design, including all plates, molds, matrices, and other means of making such simulations of the Eyal Ring and Prinuette Trade Dress.
   e. practicing any conduct aimed at or likely to result in diverting business intended for Eyal or injuring Eyal's goodwill and business reputation by way of imitation, misrepresentation, false statements, advertisements, fraud and/or deception;
2. requiring Defendant to account to Plaintiff all profits realized by (a) their infringement and counterfeiting of any of Plaintiff's copyright in the Eyal Ring; (b) their infringement and counterfeiting of the Prinuette Trade Dress;

4820-7636-7107.1

3. awarding Plaintiff actual and compensatory damages for Defendant's unlawful and inequitable activities;

4. awarding Plaintiff disgorgement of Defendant's gains, profits, and advantages derived from Defendant's unlawful and inequitable activities;

5. awarding Plaintiff punitive or enhanced damages for Defendant's willful behavior;

6. awarding Plaintiff its costs and reasonable attorney's, expert witness, and fees, together with pre-judgment interest; and

7. awarding such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 13, 2009

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Jura C. Zibas (JZ 8970)
Joanne J. Romero (JR 0275)
199 Water Street, 25th Floor
New York, New York 10038
(212) 232-1300

*Attorneys for Plaintiff*

TO: Jewelex New York Ltd.
22 West 48th Street
Suite 1500
New York, New York 10036-1803

*Defendant*

4820-7636-7107.1

LEWIS BRISBOIS BISGAARD & SMITH LLP

Index No.                                              Year 2009
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

EYAL R. D. CORP.,

                                                       Plaintiff,

           -against-

JEWELEX NEW YORK LTD., INC.,

                                                       Defendants.

---

## SUMMONS AND COMPLAINT

---

## LEWIS BRISBOIS BISGAARD & SMITH LLP

Attorney(s) for Plaintiff

Office Address & Tel. No.:  199 Water Street, 25th Floor
                            New York, New York 10038
                            (212) 232-1300

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: November 22, 2006                Signature _____

                                        Print Signer's Name: _____

---

Service of a copy of the within                                    is hereby admitted.
Dated:

                                        _____
                                        Attorney(s) for

---

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY       that the within is a (certified) true copy of a
                        entered in the office of the clerk of the within named Court on

☐ NOTICE OF             that an Order of which the within is a true copy will be presented for settlement to the
  SETTLEMENT            Hon.         one of the judges of the within named Court, at
                        on    , at    AM.

Check Applicable Box

Dated:

                        Attorney(s) for

To:
Attorney(s) for                Office Address & Tel. No.: